

FILED

2010 Jun-22  PM 12:48
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### NORTHWESTERN DIVISION

BEVERLY K. VAFINIS,                      )

        Plaintiff,                      )

vs.                                                       )          CV 09-J-1628-NW

MICHAEL J. ASTRUE,                      )
Commissioner of Social Security,
                                  )

        Defendant.                      )

                                   )

## MEMORANDUM OPINION

This matter is before the court on the record and the briefs of the parties. The court has jurisdiction pursuant to 42 U.S.C. § 405.  The plaintiff is seeking reversal and remand of the final deicsion of the Commissioner.  All administrative remedies have been exhausted.

The plaintiff protectively filed an application for Disability Insurance Benefits on February 7, 2007, alleging she is disabled due to severe chronic abdominal pain (R. 61-65, 103).  The application was denied by an Administrative Law Judge (ALJ) on February 12, 2009 (R. 10-19).  The ALJ's determination became the final decision when the Appeals Council denied the plaintiff's request for review (R. 1-3).

The sole function of this court is to determine whether the decision of the Commissioner is supported by substantial evidence and whether the correct legal

standards were applied.  *Bloodsworth v. Heckler*, 703 F.2d 1233 (11th Cir. 1983). The court has carefully reviewed the entire record in this case and is of the opinion that the Commissioner's decision is supported by substantial evidence and that the proper legal standards were applied in reaching that decision.

The plaintiff argues that the ALJ failed to articulate good cause for according less weight to the opinion of the plaintiff's treating physician. Plaintiff's memorandum at 6.  Plaintiff also argues that the ALJ failed to properly evaluate the credibility of the plaintiff's complaint of pain consistent with the Eleventh Circuit's Pain Standard.  Plaintiff's memorandum at 9.  Plaintiff is correct that generally the ALJ must give more weight to the opinion of plaintiff's treating physician.  20 C.F.R. § 404.1527(d)(2).  However, the opinion of a physician, even a treating physician, may be discounted when the opinion is not well-supported by medically acceptable clinical and laboratory diagnostic techniques or if the opinion is inconsistent with the record as a whole.  *Crawford v. Commissioner of Social Security*, 363 R.3d 1155 (11th Cir. 2004).

In a letter dated July 23, 2007, plaintiff's treating physician, Dr. Terence Hart, summarized the results of all of the treatment furnished plaintiff by him, as well as other physicians to whom plaintiff was referred by Dr. Hart (R. 356-357). After having been seen by three gastrointestinal specialists, a cardiologist, a gynecologist, and at Mayo Clinic, plaintiff's final diagnosis was chronic

2

abdominal pain secondary to visceral hypersensitivity.  Plaintiff was prescribed

appropriate medication for this condition, but stopped taking it after ten months

because she felt no improvement and because of the side effects.  *Id*.  She chose

not to attend the Mayo Clinic Pain Rehabilitation Center in Minnesota and has

attempted to cope with the chronic pain through various other measures, such as

deep-breathing techniques, meditation, yoga, and exercise.  *Id.*

It is noted that when plaintiff filled out her disability report she listed the

following medications as being "currently" taken: Amitriptyline, HCL (for

abdominal pain), Hydrocodone (for pain), Lovastatin (for high cholesterol),

Metoprolol (for high blood pressure), Prilosec OTC (for acid reflux), and

Promethazine (for pain) (R. 109-110).

In plaintiff's medical records of April 23, 2008, from Tennessee Valley

Vascular Consultants, Tracy Lowery, M.D. made the following entry:

> Ms. Vafinis is a 48 year old female referred by Dr. Knowling for
> lower extremity vein problems.  The patient states that she has
> undergone injection schlerotherapy for spider veins and, what sounds
> as if, varicose veins involving her right lower extremity.  She is in the
> midst of several cosmetic procedures, having undergone an extended
> tummy-tuck procedure.  She is in need of a thigh lift, and was noted
> to have significant varicosities in that area, and was referred by Dr.
> Knowling for additional investigation and intervention.

(R. 378).

In her past history, plaintiff mentioned hypertension and elevated

3

cholesterol, gallbladder surgery and a ruptured appendix.  Under "current

medications" plaintiff listed only Prozac.  *Id.*

Post surgery for varicose veins, plaintiff's records of December 22, 2008,

reflect current medications as Prozac and Lortab, one or two every six hours PRN

(R. 371).  In none of plaintiff's records regarding her varicose veins has she

mentioned chronic abdominal pain in her past medical history, or any medications

for such condition.

Additionally, her treating physician's opinion states:

I agree with [plaintiff] that under all circumstances, she should pursue
her right to disability benefits.  Her projected rate of absenteeism,
based on her physical attacks over the last 5½ years, would not allow
her to maintain any sort of gainful employment.  The medication I
have prescribed for her pain would not allow her to function at full
capacity if she were on the job.  It is my professional opinion, all
circumstances given to me being what they appear, that Beverly
Vafinis should be eligible for Social Security Disability Benefits.

(R. 357).

None of the three gastroenterologists, nor the cardiologist, nor the

gynecologist, nor the physicians at Mayo Clinic have opined that plaintiff is

disabled.  Nor did plaintiff's vascular surgeon do so.  The record actually indicates

that after July 23, 2007, the date of Dr. Hart's opinion, plaintiff was no longer

taking the medication prescribed by him.  Additionally, the medical records fail to

show the frequency of attacks alleged by Dr. Hart.  Finally, Dr. Hart's opinion is conclusory in nature and addressed the issue that is reserved to the Commissioner.

While the ALJ's comments about plaintiff's income and college degree, and his statement that she is not hurting financially and "the taxpayers should not be required under the circumstances to support her" (R. 18) are wholly inappropriate, nevertheless the record as a whole supports the ALJ's opinion as to plaintiff's ability to work.

Given the evidence presented to the ALJ and this court, this court finds that the ALJ's conclusions and decision are supported by substantial evidence and the correct legal standards were applied.  Accordingly, the decision of the Commissioner must be affirmed.

DONE this 22nd day of June 2010.


INGE PRYTZ JOHNSON
U.S. DISTRICT JUDGE